1

```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLORADO

   Criminal Action No. 16-cr-0278-MSK

   UNITED STATES OF AMERICA,

        Plaintiff,

   vs.

   JAMES PARKHURST,

        Defendant.
   -----------------------------------------------------------

                         REPORTER'S TRANSCRIPT
                       (Sentencing Hearing: Order)

   -----------------------------------------------------------

         Proceedings before the HONORABLE MARCIA S. KRIEGER,
   Chief Judge, United States District Court for the District
   of Colorado, commencing at 1:39 p.m., on the 8th day of
   March, 2017, in Courtroom A901, United States Courthouse,
   Denver, Colorado.


                              APPEARANCES

        LAUREN S. KUPERSMITH, U.S. Department of Justice,
   Criminal Division, 1400 New York Avenue NW, Washington, DC
   20530 and
        ALECIA RIEWERTS, Assistant U.S. Attorney, 1225 17th
   Street, Suite 700, Denver, Colorado 80202, appearing for
   the plaintiff.

        MICHAEL S. AXT, Law Office of Michael S. Axt, 1733
   High Street, Denver, Colorado 80218 and
        BRIAN R. LEEDY, Stimson Glover Stancil Leedy, LLC,
   1875 Lawrence Street, Suite 420, Denver, Colorado 80202,
   appearing for the defendant.
```

2

```
 1              MARY J. GEORGE, FCRR, CRR, RMR
            901 19th Street, Denver, Colorado 80294
 2        Proceedings Reported by Mechanical Stenography
              Transcription Produced via Computer
 3

 4                        P R O C E E D I N G S

 5          (The following proceedings were had and entered of

 6    record after the Court heard the arguments of counsel and

 7    statement of defendant:)

 8            THE COURT:  Thank you.  Thank you, counsel, for

 9    your argument.  Thank you for your statement, Mr.

10    Parkhurst.

11            I'll announce the sentence I intend to impose and,

12    of course, counsel, you'll have the opportunity to make

13    legal objections before the sentence is actually imposed.

14    If you believe that the sentence is premised upon error or

15    if it raises an issue you haven't had the opportunity to

16    research or address, I invite you to request a continuance.

17            An imposition of a sentence in this case, as in

18    all cases, is governed by a number of statutes, and the

19    umbrella statute for sentencing is 18 U.S.C. Section 3553.

20    In imposing sentence in this case, as in all cases, the

21    Court considers the objectives and the factors that are set

22    out in that statute.  The statute requires that the

23    sentence imposed be sufficient but greater -- but not

24    greater than necessary to satisfy a number of objectives.

25            The sentence must reflect the seriousness of the
```

1   offense, promote respect for the law, provide just
2   punishment, adequately deter criminal conduct, protect the
3   public from further crimes by the defendant, provide the
4   defendant with needed educational or vocational training,
5   medical care or other correctional treatment in the most
6   effective manner.
7           To fashion a sentence that meets these objectives,
8   the Court is required to consider a number of factors:  The
9   nature and circumstances of the offense; the history and
10  characteristics of the defendant; the kinds of sentences
11  that are available; the sentence prescribed by the Federal
12  Sentencing Guidelines; the need to avoid unwarranted
13  sentence disparities among defendants with very similar
14  records found guilty of similar conduct; and, in the
15  appropriate case, the need for restitution.
16          Now, at the beginning of this hearing, I
17  identified the documents that I had studied in preparing
18  for the hearing, confirmed that the parties had had an
19  opportunity to review those, asked whether there were any
20  additional documents, and understood that there were none.
21          There were no disputes as to the factual contents
22  in the presentence report in the addenda.  There was a
23  dispute as to the calculation of the sentencing range as
24  reflected in the presentence report, and that is where we
25  start.

1              This case is unusual for a number of reasons and
2   not the least of these is the fact that it is unclear under
3   the Federal Sentencing Guidelines what the sentencing
4   guidelines would recommend.  The calculation that the
5   parties came up with, they set out in their plea agreement,
6   and revisited that after the probation office came up with
7   an entirely different calculation.  The parties have
8   reached their calculation using two different
9   methodologies, but both yielding a total offense level of
10  33.  The plea agreement -- I'm sorry, the presentence
11  report uses an entirely different methodology and results
12  in a total offense level of 37.
13             It's sufficient to say that neither of these are
14  more right than the other; they're different ways of
15  looking at the guidelines.  And in this context, because
16  the parties agree, and the parties have at least received
17  an opinion from the Sentencing Commission that their
18  calculation is plausible, although someone else at the
19  Sentencing Commission has said that the probation officer's
20  calculation is also plausible, the Court can rely upon the
21  calculation used by the parties.  And I, therefore, find
22  that the total offense level here is an offense level of
23  33.
24             The second component of a guideline calculation is
25  criminal history and here the Criminal History Category is

Case No. 1:16-cr-00278-MSK   Document 71-1   filed 03/15/18   USDC Colorado   pg 5 of 16

5

1  I.  With a offense level of 33 and a Criminal History
2  Category of I, the guidelines recommend incarceration of
3  135 to 168 months.  Under the terms of the plea agreement,
4  the defendant is barred from asking for a variant sentence,
5  but there have been a number of arguments made by both
6  parties, which the Court understands to be arguments in
7  support of a position as to where in the guideline range
8  the Court should impose sentence.
9           From the Government's perspective, there is not
10  only a count of conviction here, transporting child
11  pornography, there is a history of relevant conduct leading
12  up to it that makes the essential facts pertinent to the
13  transportation count extremely serious.
14          From the defense's perspective, the facts as to
15  the transportation count are not extremely serious.
16  Dr. Parkhurst had pictures -- nude pictures of his nephews
17  on his cameras when he traveled from Denver to Chicago and
18  Detroit.  The danger that we face in looking too closely at
19  relevant conduct is that we can project our own biases on
20  it.  That would not happen if the counts were actually
21  tried, the counts that give rise to the relevant conduct.
22  But where the relevant conduct has not gone through the
23  crucible of a trial, it falls victim to the biases of all
24  those who look at it and, therefore, I have tried to scrape
25  away the characterizations that are made by the Government

1   as to motive or as to pattern, because we do not have
2   anything other than assumptions and inferences with regard
3   to that.  And what I am left with is relevant conduct and
4   conduct related to our offense that is, as Mr. Axt would
5   say, an outlyer situation.  If I were looking at it under
6   the guidelines, I would say this is the classic case that
7   is outside the heartland.
8          I just mentioned the facts with regard to the
9   transportation claim.  And prior to the transportation
10  claim, there are facts in evidence that Dr. Parkhurst took
11  pictures of nephews on trips on prior occasions and that he
12  had an extensive collection of child pornography on his
13  computer.  But what this case is missing are the things
14  that are almost hallmark facts associated with child
15  pornography cases.  There was, with regard to the pictures,
16  no posing, no sexual orientation of the person being
17  photographed.  There was no physical touching, there was no
18  abuse, there was no internet chatting, there was no sharing
19  of pictures, there was no sale of pictures over the
20  internet.
21         In fact, the most horrible aspect of this case
22  that has caused the most pain to the victims, the fact that
23  these pictures, both of the nephews and other children, got
24  out on the internet.  Nobody knows how that happened.  So
25  this case is not your garden variety child pornography

1   case.  In this case, we have a man who is attracted to
2   boys -- sexually attracted to boys.  And the question is
3   not:  Is that a crime?  Because it's not.
4           The question is:  What do you do when you're
5   sexually attracted to boys?  And are those actions crimes?
6   I had to stretch very far to have the facts in the plea
7   agreement meet the requirements of the transportation
8   claim.  It -- it fits, but just barely.
9           And the rest of the evidence here is ambiguous,
10  too.  Dr. Parkhurst, when he was asked not to take pictures
11  of his nephews when they were nude, didn't; he stopped.
12          When he works with a therapist, he is, as his
13  therapist says, candid, straightforward, not deceitful
14  about what he has done.  He's anxious for treatment.
15  That's unusual, too.  So this case is unusual outside the
16  norm, outside the heartland.
17          The parties' structuring of this case leaves the
18  Court with very little latitude to incorporate all of these
19  facts into a sentence that meets the provisions of 18
20  U.S.C. Section 3553.
21          Here, it is appropriate to say that a guideline
22  sentence has been agreed to by the parties.  It is
23  sufficient and they believe not greater than necessary to
24  satisfy the sentencing objectives.  As among the options in
25  the guideline range, the uniqueness of this situation, and

1   the fact that there are so many mitigating aspects that one
2   does not ordinarily see in child pornography cases, and the
3   fact that the Court had to stretch so hard to get to a
4   determination that the facts in the plea agreement
5   supported the conviction on the transportation count, leads
6   me to conclude that the guideline sentence that is
7   appropriate here is at the bottom end of the guideline
8   range, 135 months.
9            I don't have all the calculations that go with
10  that particular guideline range.  I am assuming that the
11  supervised release term is still five years to life.  I am
12  assuming that the fine is different than it would be for an
13  offense level 37.  Could you tell me that what it is?
14           PROBATION OFFICER:  Yes, Your Honor.  For offense
15  level 33, the fine is 17,500 to 175,000.
16           THE COURT:  No one has addressed the issue of
17  fine.  I find that the defendant lacks the ability to pay a
18  fine and, therefore, do not intend to impose one.
19           There is a special assessment of $100 that must be
20  imposed.  That leaves us with the question of supervised
21  release and how long it should be here.  With a sentence of
22  135 months, likely the defendant will be in prison close to
23  10 years and when he leaves prison, given his current age,
24  he likely will be in his late 60s.  I will impose a period
25  of 15 years of supervised release, which correlates with

1    what I believe to be a reasonable period of time during
2    which Mr. Parkhurst's libido is an issue.
3             As to the conditions on supervised release, I
4    appreciate the arguments that have been made by counsel,
5    but I think it's important for us all to focus on the
6    purpose of conditions of supervised release.  They serve
7    the fourth objective of sentencing under 18 U.S.C. Section
8    3553:  To provide the defendant with needed educational or
9    vocational training, medical care, or other correctional
10   treatment in the most effective manner.
11            It's tempting to use boilerplate, but especially
12   with sentences that are as long as these, boilerplate
13   really doesn't serve that objective.  So the question is
14   not what can the Court impose as a special condition, but
15   what should the Court impose as a special condition?
16            The first special condition proposed is one of
17   mental health treatment.  No one objects to that and it
18   would appear that Dr. Parkhurst has successfully engaged in
19   mental health treatment that he's participating in now and
20   that's a continuing feature going forward, so that
21   condition will remain.
22            The second requirement is that he participate in
23   and successfully complete a sex offense-specific evaluation
24   as -- and/or treatment program as approved by the probation
25   officer.  The probation officer will supervise

1   participation in and compliance with the treatment program.

2   You must comply with all the rules and regulations
3   of the treatment program that are specified by the
4   treatment agency and the probation officer, and you must
5   pay all or part of the costs of treatment as determined by
6   the probation officer based on your ability to pay.

7   There is no problem with the requirement that the
8   defendant participate in and successfully complete a sex
9   offense-specific evaluation.  And that is sufficient for
10  the second requirement.

11  I have no idea whether that evaluation will
12  include recommendations for participation in a treatment
13  program.  It may be for any number of reasons that no
14  treatment program is recommended and, therefore, I will not
15  authorize the probation officer to direct participation in
16  a treatment program nor to enforce compliance in a
17  treatment program.  Instead, following the specific
18  evaluation, sex offense-specific evaluation, I will add the
19  language:  Which will provide recommendations as to whether
20  and what treatment program is appropriate.

21  It will then be up to the probation officer, once
22  those recommendations are received, to request the District
23  Court to authorize and direct, as a condition of supervised
24  release, participation in that program.  I do that for
25  several reasons:  First of all, I recognize that Colorado

1     is one of a number of states that take a particular
2     approach with regard to treatment of sex offenders.  There
3     are other states who have different approaches and they
4     would contend that they are more modern, sophisticated, and
5     effective than what we have here in Colorado.  I don't know
6     what kind of treatment programs will be available some 10
7     years from now here in Colorado and it may well be that
8     Dr. Parkhurst is in Washington, D.C., and there may be
9     other kinds of programs that are advocated there.  Okay.
10          So we'll move on, then, to the recommendation No.
11    3 and recommendation No. 4:  Submit to periodic polygraph
12    testing and to submit to a visual response testing.  Those
13    will not be issued at all.  Why?  Because this is subsumed
14    in the recommendations as to the treatment program in
15    paragraph 2.
16          That takes us to paragraph 5.  Again, we are
17    looking into the future and my crystal ball is hazy.  I
18    have no idea whether we're going to be using computers and
19    internet access devices some 10 years from now.  What we do
20    know is that likely there will be electronic devices that
21    can connect to the internet or some internet substitute.
22    And I am comfortable in imposing a restriction that limits
23    Mr. Parkhurst's use of such electronic devices subject to
24    the probation officer's approval.  That is broad enough, I
25    believe, to capture whatever we hold in our hand 10 years

1   from now to do whatever it does that we can't anticipate.

2            This will be accompanied by a restriction that Mr.
3   Parkhurst not use any such electronic devices that are
4   authorized to host, hold, download, or upload any child
5   pornography.  And he will submit his electronic devices to
6   search at any time, with or without warrant, by a probation
7   officer with reasonable suspicion concerning a violation of
8   a condition of supervised release, period.

9            I am not including the ability to search by other
10  law enforcement officers.  I am not including search
11  authorization for his person, his property, his house, his
12  residence, his vehicle, his papers, his com- -- only the
13  electronic devices.

14           Why?  In this particular case, it's only the
15  electronic devices that led to the ultimate harm here of
16  the downloading of these pictures on to the internet.

17           The sixth condition will remain the same; however,
18  reference to "computer" will be replaced with "electronic
19  device."

20           And there is no justification for the restriction
21  No. 7.

22           Any need for clarification or further explanation
23  as to that?

24           MR. AXT:  No, Your Honor.  Thank you.

25           MS. KUPERSMITH:  No, Your Honor.

1      THE COURT:  Okay.  Just to some -- what we are
2 looking at, then, is a sentence of incarceration of 135
3 months, supervised release for a period of 15 years, no
4 fine, a special assessment of $100.
5      Let me ask you, counsel, any need for
6 clarification, further explanation and objection or request
7 for a continuance?
8      MS. KUPERSMITH:  Nothing from the Government, Your
9 Honor.
10     MR. AXT:  Thank you, no.
11     THE COURT:  Ms. Glover, I'm not seeing the
12 sentencing statement in -- ah, there it is.  Thank you.  I
13 knew you put it in there.
14     COURTROOM DEPUTY:  Right.
15     THE COURT:  All right.  Having determined the
16 sentence that I think is sufficient but not greater than
17 necessary to satisfy the sentencing objectives, pursuant to
18 the Sentencing Reform Act of 1984, it is the judgment of
19 the Court that the defendant, James Parkhurst, be committed
20 to the custody of the Bureau of Prisons to be imprisoned
21 for a term of 135 months.
22     Upon release from imprisonment, he will be placed
23 on supervised release for a term of 15 years.  Within 72
24 hours of release from the custody of the Bureau of Prisons,
25 he will report in person to the probation office in the

```
 1    district to which he is released.
 2           While on supervision, you will not commit another
 3    federal, state, or local crime.  And let me alert you,
 4    should you be in Colorado where marijuana is legal, you
 5    still can't use it.
 6           You must not unlawfully possess a controlled
 7    substance or use a controlled substance.  I waive the
 8    mandatory drug testing provisions, however, because the
 9    presentence report does not indicate a risk of future
10    substance abuse.  You must cooperate with the collection of
11    DNA as directed by the probation officer.
12           You must comply with the requirements of the Sex
13    Offender Registration and Notification Act, 34 U.S.C.
14    Section 2901, et seq., as directed by the probation
15    officer, the Bureau of Prisons, or any state sex offender
16    registration agency in the location where you reside, work,
17    are a student, or were convicted of a qualifying offense.
18           Must comply with the standard conditions adopted
19    by this Court in General Order 2016-1.  And you must comply
20    with the special conditions as I have already enumerated
21    them.
22           I heard no argument with regard to restitution.  I
23    assume that there still is a stipulation with regard to
24    that.
25           MS. KUPERSMITH:  Your Honor, there had been a
```

1     initial request of $500; however, that request has been
2     withdrawn so at this time there is no request for
3     restitution.
4             THE COURT: Okay.  Thank you.  Then for the
5     reasons previously stated, there will be no fine imposed.
6     And there is no request for restitution at this time.
7             Given the confession of the forfeiture request,
8     the items that have been designated as being subject to it
9     will be forfeited pursuant to Rule 32.2 of the Federal
10    Rules of Criminal Procedure.
11            Mr. Parkhurst, I advise you of your right to
12    appeal this sentence.  If you desire to appeal, a notice of
13    appeal must be filed with the Clerk of the Court within 14
14    days after entry of judgment or you lose your right to
15    appeal.
16            Now, ordinarily Mr. Axt or Mr. Leedy would file a
17    notice of appeal for you, but if for some reason they're
18    unable to or unwilling to do so, you may request, and I'll
19    direct, the Clerk of the Court to file a notice of appeal
20    for you.
21            As to the request to be assigned to a particular
22    facility, I deny it.  I will, however, make a
23    recommendation that you be first assigned to a federal
24    medical facility to be assessed for your persistent,
25    unexplained, serious loss of weight and, thereafter,

16

1    assigned to a facility that has sex offender treatment.
2            Is there anything further that we should address
3    at this time?
4            MS. KUPERSMITH:  No, Your Honor.
5            MR. AXT:  I assume -- excuse me, Your Honor, I
6    assume voluntary surrender is not at issue?
7            THE COURT:  He's in custody.
8            MR. AXT:  No, Your Honor, I'm sorry, there's
9    nothing further.  Thank you.
10           THE COURT:  Then that will conclude this matter.
11   Thank you, counsel, for your arguments.
12           Mr. Parkhurst, good luck to you.
13           We'll stand in recess.
14       (Proceedings concluded at 3:25 p.m.)
15                  *      *      *      *      *
16                    REPORTER'S CERTIFICATE
17      I certify that the foregoing is a correct transcript
18   from the record of proceedings in the above-entitled
19   matter.
20      Dated at Denver, Colorado, this 14th day of March,
21   2018.
22
23                                  *signature*
24                                  _____
25                                  MARY J. GEORGE, FCRR, CRR, RMR